T.C. Memo. 2016-210

UNITED STATES TAX COURT

BARRY R. SKOG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21720-13.                          Filed November 17, 2016.

Barry R. Skog, pro se.

<u>Jeremy J. Eggerth</u>, for respondent.

MEMORANDUM OPINION

HOLMES, <u>Judge</u>:  Barry Skog claims that out of fear for his daughter's

financial future he withdrew money from his wife's IRA during their divorce.  He

also claims that he rolled it over into an account for the daughter's benefit in some

[*2] way that qualified as tax-free.[1]  The Commissioner disagrees because the money seems to have disappeared.

## Background

Skog is a Minnesota resident, and we set the case for trial in St. Paul.  The Commissioner proposed a stipulation under Tax Court Rule 91.  When Skog didn't respond, we deemed the Commissioner's proposed facts stipulated.  The parties then agreed to submit the case for decision under Tax Court Rule 122, which prevented a trial.

The stipulation shows that Skog made withdrawals from his wife's IRA in 2011 that totaled nearly $45,000.  Skog claims that he moved this money into the Norvin A. Skog Irrevocable Trust (Trust), and that his daughter is the Trust's beneficiary.  The Trust's paperwork, however, does not name her as a beneficiary. The Commissioner also subpoenaed the Trust's investment account records.  They show some fluctuation in value and some withdrawals, but no deposits during 2011.  We don't know where the money went, but these records show that it didn't go to the Trust.

---

[1] The Skogs don't challenge the other items of unreported income in the notice of deficiency, or the imposition of a substantial-understatement penalty under 26 U.S.C. section 6662(a) and (b)(2).

[*3]                              <u>Discussion</u>

Section 408(d) of the Internal Revenue Code governs distributions from qualified retirement plans such as IRAs.  Skog is correct that a distribution need not be included in gross income if it falls within the "rollover" exception.  This exception requires that the amount rolled over go into another qualifying retirement account within 60 days of its distribution, and that this rollover account be for the benefit of the individual for whom the original account was maintained. <u>See</u> 26 U.S.C. sec. 408(d)(3)(A), (D); <u>Schoof v. Commissioner</u>, 110 T.C. 1, 7 (1998).

Skog did not show where the money went.  If, contrary to the subpoenaed records, it did go into the Trust's account, there is no evidence that it went there within 60 days of any of the distributions or that the Trust's account was a qualifying retirement account.  And by Skog's own admission, the Trust account was for the benefit of his daughter and not his soon-to-be ex-wife.

<u>Decision will be entered for respondent</u>.